IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHEASHAD LAMAR LOTT,  ) | |
|     ID #1596571,  ) | |
|         Petitioner,  ) | |
| vs.  ) | No. 3:13-CV-2699-P (BH) |
| ) | |
| WILLIAM STEPHENS, Director,  ) | |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | |
|         Respondent.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case was referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion to Alter or Amend Judgment*, received on July 13, 2015 (doc. 26). Based on the relevant findings and applicable law, the motion to alter or amend judgment and should be **DENIED**.

**I. BACKGROUND**

Rheashad Lamar Lott (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2009 conviction and seventy-year sentence for engaging in organized criminal activity by committing aggravated assault with intent to establish, maintain, or participate as a member of a criminal street gang. (doc. 1, at 2; doc. 19, at 1-3.) The respondent filed an answer on August 26, 2013, and Petitioner filed a reply on September 30, 2013. On May 5, 2015, it was recommended that the habeas petition be denied. (doc. 19). Petitioner filed extensive (49 pages) written objections to the recommendation on May 29, 2015. (doc. 20.) After considering Petitioner's objections, the Court adopted the findings, conclusion and recommendation and denied the petition with prejudice on June 23, 2015. (*See* docs. 21, 22.) Petitioner's motion to

alter or amend the denial of his petition was received on July 13, 2015.

## II. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner first challenges the denial of his petition based on the adoption of the findings, conclusions, and recommendation of a U.S. Magistrate Judge as being in violation of 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73(b) because neither party consented to that procedure. A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. 28 U.S.C. § 636(b)(1). Pursuant to that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges. This habeas case falls under the automatic referral provisions of *Special Order 3-251* for pretrial management, including determination of non-

dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Because the district judge retained the ultimate decision-making authority for this case, the parties' consent to this procedure is not required. *See Nixon v. GMAC Mortg. Corp.,* 408 F. App'x 833 (5th Cir. 2011). In addition, both § 636(b) and Fed. R. Civ. P. 72 provide procedures for parties to object to magistrate judges' findings and recommendations. Petitioner filed his objections to the findings, conclusions and recommendation, and the district judge expressly considered those objections before accepting and adopting the findings, conclusions and recommendation. (*See* doc. 21.) His challenge to this procedure provides no basis for relief under Rule 59(e).

Petitioner also challenges the resolution of his claims of legal insufficiency of the evidence, erroneous jury charge, actual innocence, ineffective assistance of counsel for failing to object or challenge perjured testimony, and use of uncorroborated accomplice-witness testimony to convict him, as well as the failure to hold an evidentiary hearing. (doc. 26, 2-11.) He raised these same issues in his lengthy objections to the recommended denial of these claims in his petition. (doc. 20.) Petitioner now merely restates objections that were considered and overruled. He does not present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal.

### III. RECOMMENDATION

Petitioner's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (doc. 26) should be **DENIED**.

**SIGNED on this 15th day of July, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE