IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RHEASHAD LAMAR LOTT,** ) | |
| ID #1596571, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-2699-P (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|     Respondent. ) | |

**ORDER ACCEPTING JULY 15, 2015 FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE,
ORDER DENYING CERTIFICATE OF APPEALABILITY, and
<u>ORDER DENYING POST-JUDGMENT MOTIONS</u>**

After this Court entered a final judgment in this case, petitioner Rheashad Lamar Lott filed a *Motion to Alter or Amend Judgment*, received on July 13, 2015 (doc. 26). The Magistrate Judge then entered a findings, conclusions and recommendation to deny that motion. On August 11, 2015, Petitioner filed his "response" to the Magistrate Judge's recommendation, which the court hereby construes as written objections to the Magistrate Judge's July 15, 2015 findings, conclusions, and recommendation. Petitioner has also filed a 24-page motion/application for certificate of appealability and three additional post-judgment motions.

**I. OBJECTIONS**

The Court has conducted a de novo review of the Magistrate Judge's report and objections thereto under 28 U.S.C. § 636(b)(1). Petitioner, as he does in the other motions addressed herein, challenges the Court's authority to refer any matter to the magistrate judge under 28 U.S.C. § 636(b)(1)(B), specifically here, the Court's authority to refer review of a post-trial motion to a magistrate judge for report and recommendation. The Supreme Court has observed that the language in 28 U.S.C. § 636(b)(1)(B) allowing a judge to designate a magistrate judge to submit proposed

findings of fact and recommendation for disposition of

> "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement" . . . suggests Congress intended to include *in their entirety* the two primary categories of suits brought by prisoners–applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254 and 2255 and actions for monetary or injunctive relief under 42 U.S.C. § 1983.

*McCarthy v. Bronson,* 500 U.S. 136, 140 (1991) (emphasis added). Thus, as § 636(b)(1)(B) includes § 2254 cases "in their entirety," Petitioner's challenge to the referral of his motion to alter or amend judgment under Rule 59(e) to a Magistrate Judge under § 636(b)(1)(B), is without merit. *See generally McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991) (citing *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984)) ("28 U.S.C. § 636(b)(1)(B) allows a magistrate to hold hearings, propose findings of fact, and recommend disposition of certain dispositive pretrial and *posttrial* motions. The magistrate's proposed findings of fact and recommendations are subject to *de novo* review by the district court, a review which includes an opportunity for the parties to object to the findings and recommendation of the magistrate") (emphasis added).

Thus, after conducting a de novo review of all relevant matters of record in this case, including the July 15, 2015 Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Petitioner's written objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the July 15, 2015 Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. For the reasons stated in the July 15, 2015 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the petitioner's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) will be denied.

## II. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

This Court already denied Petitioner a certificate of appealability in its June 23, 2015 Order accepting the magistrate judge's findings, conclusions and recommendation as to the disposition of this § 2254 petition. As noted at that time, the Court again adopts and incorporates the Magistrate Judge's May 5, 2015 Findings, Conclusions and Recommendation in support of its findings that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. POST-JUDGMENT MOTIONS

Petitioner has filed three additional post-judgment motions: a *Motion to Dismiss under Rule 12(b) for Lack of Jurisdiction, Improper Venue, Insufficient Service of Process or Failure to State a Claim under Rule 12(h)(3)*; a *Motion to Set Aside the Findings of Fact and Conclusions by the Court Pursuant to Fed. R. Civ. Proc. Rule 52*; and a *Motion for Relief from Judgment or Order*

*Pursuant to Fed. R. Civ. Proc. Rule 60(b)*, all received on July 20, 2015 (Docs. 28, 29, and 30). In each of these motions, Petitioner again raises the same challenges he raised in the earlier motion to alter or amend judgment. That is, Petitioner challenges this Court's denial of his § 2254 petition based on the adoption of the findings, conclusions, and recommendation of a U.S. Magistrate Judge, as done in violation of 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73(b) because neither party consented to that procedure.

As Lott was already informed, a district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters under 28 U.S.C. § 636(b)(1)(A), and to designate a magistrate judge to conduct hearings and submit findings of fact and recommendation on dispositive matters and motions for post-trial relief under 28 U.S.C. §§ 636(b)(1)(B) and (C). Pursuant to that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic referral of certain cases and matters to magistrate judges. This § 2254 habeas case falls under the automatic referral provisions of *Special Order 3-251* for pretrial management, including determination of a parties objections to magistrate judges' findings and recommendations. In this case, Petitioner filed his objections to the findings, conclusions and recommendation, and this Court expressly considered those objections before accepting and adopting the findings, conclusions and recommendation. (*See* Doc. 21.) Petitioner Lott's repeated claims that this Court's use of the statutory authorized procedures under § 636(b)(1)(B) somehow amounts to a violation of the consent procedures under 28 U.S.C. § 636(c) are groundless. All of these motions lack merit.

For the foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation (doc. 27) and **DENIES** petitioner Rheashad Lamar Lott's *Motion to Alter or Amend Judgment* (doc. 26); his *Motion to Dismiss under Rule 12(b) for Lack of Jurisdiction, Improper*

*Venue, Insufficient Service of Process or Failure to State a Claim under Rule 12(h)(3)* (doc. 28); his *Motion to Set Aside the Findings of Fact and Conclusions by the Court Pursuant to Fed. R. Civ. Proc. Rule 52* (doc. 29); the *Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b)* (doc. 30); and the *Motion/Application for Certificate of Appealability* (doc. 31).

**SO ORDERED**.

**SIGNED this 18th day of August, 2015.**

---
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**