## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RHEASHAD LAMAR LOTT, | ) | |
| ID #1596571, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:13-CV-2699-M (BH) |
| | ) | |
| LORIE DAVIS,[1] Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Leave to File Motion for Summary Judgment*, received on July 25, 2017 (doc. 38). The motion should be construed as a successive habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the court of appeals.

## I.  BACKGROUND

Rheashad Lamar Lott (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 20, 2013, challenging his 2009 conviction and seventy-year sentence in Cause No. F09-00780-I in Dallas County, Texas, for engaging in organized criminal activity by committing aggravated assault with intent to establish, maintain, or participate as a member of a criminal street gang. (Doc. 1.)  His federal habeas petition was denied on June 23, 2015. (Doc. 22.)  The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. (Doc. 35; *Lott v. Davis*, No. 15-10663 (5th Cir. July 26, 2016)).  Petitioner now contends that the evidence was

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.  Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

insufficient to support the conviction.  (Doc. 38 at 1.)

## II.  NATURE OF SUIT

A post-judgment motion that seeks to advance one or more substantive habeas claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).  Petitioner's motion raises substantive grounds for relief from the state conviction that he originally challenged in this case, and it is properly construed as a successive habeas petition under 28 U.S.C. § 2254.

## III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is

2

successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction that he challenged in a prior federal habeas petition that was denied on the merits.  Under *Hardemon* and *Crone*, he was required to present all available claims in those petitions.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petitions challenging the same convictions challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petitions challenging his

---

[2] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

conviction.  When a petition is second or successive, the petitioner must seek an order from the Fifth

Circuit Court of Appeals that authorizes this Court to consider the petition.  *See* 28 U.S.C. §

2244(b)(3)(A).  The Fifth Circuit "may authorize the filing of a second or successive application

only if it determines that the application makes a prima facie showing that the application satisfies

the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C).  To present a claim in a second or successive

application that was not presented in a prior application, the application must show that it is based

on:  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive

to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.* §

2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider

this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## IV.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be

**TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson*

*v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  The

Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion (doc. 38) and

application to proceed *in forma pauperis* (doc. 39) in this habeas case; (2) open a new habeas case

for administrative purposes only; (3) docket the post-judgment motion (doc. 38) as a § 2254 motion

filed on July 25, 2017, in that new case; (4) docket the application to proceed *in forma pauperis*

(doc. 39) and the order granting the application in that new case; (5) directly assign the new case to

the same District Judge and Magistrate Judge as in this case; (6) file a copy of the Findings,

Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting

those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (7)

without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the

United States Court of Appeals for the Fifth Circuit.

**SIGNED this 27th day of July, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5