IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHEASHAD LAMAR LOTT,                ) | |
|     ID #1596571,                                  ) | |
|         Petitioner,                              ) | |
| vs.                                                        ) | No. 3:13-CV-2699-M (BH) |
|                                    ) | |
| LORIE DAVIS, Director,                      ) | |
| Texas Department of Criminal            ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent.                          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the petitioner's *Motion for Leave of Court to File Motion for Relief of Judgment Pursuant to Rule 60(b)(6)* and *Offer of Judgment Pursuant to Fed. R. Civ. Proc. 68*, received on March 28, 2018 (docs. 46, 47). Based on the relevant filings and applicable law, the post-judgment filings should be construed as a successive habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the Fifth Circuit Court of Appeals.

**I. BACKGROUND**

Rheashad Lamar Lott (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 20, 2013, challenging his 2009 conviction and seventy-year sentence in Cause No. F09-00780-I in Dallas County, Texas, for engaging in organized criminal activity by committing aggravated assault with intent to establish, maintain, or participate as a member of a criminal street gang. (Doc. 1.) His federal habeas petition was denied on June 23, 2015. (Doc. 22.) The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. (Doc. 35; *Lott v. Davis*, No. 15-10663 (5th Cir. July 26, 2016)). On July 25, 2017, Petitioner filed a motion for leave

to file a motion for summary judgment that was construed as a successive habeas petition and transferred to the Fifth Circuit. (Docs. 38, 44.) The Fifth Circuit denied authorization to file a successive petition. *See In re Lott*, No. 17-10938 (5th Cir. Nov. 22, 2017). Petitioner now contends that the evidence was insufficient to support his conviction. (Doc. 46 at 1.)

## II.  NATURE OF SUIT

A motion for relief from judgment that seeks to advance one or more substantive habeas claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, however. *See Gonzalez*, 545 U.S. at 538 (holding that a post-judgment motion in a § 2254 case "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) (a post-judgment motion that "purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

Because Petitioner's Rule 60(b) motion and offer of judgment do not challenge the failure to reach the merits of his original habeas petition, and they assert grounds for relief from the same underlying state court conviction that he originally challenged in this case, they are properly construed as a successive habeas petition under 28 U.S.C. § 2254.

2

### III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his federal petition challenging the same conviction.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the

4

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## IV.  RECOMMENDATION

Petitioner's post-judgment filings (docs. 46, 47) should be construed as a successive petition and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment filings (docs. 46, 47) in this habeas case; (2) open a new habeas case for administrative purposes only; (3) docket the post-judgment filings in that new case as a § 2254 petition filed March 28, 2018; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED** this 30th day of March, 2018.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE